DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| IN RE: EXCISE TAX LITIGATION | |
| PSMT, LCC,<br>        Plaintiff,<br>v.<br>THE GOVERNMENT OF THE VIRGIN ISLANDS, THE VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE, and JOEL A. LEE IN HIS CAPACITY AS DIRECTOR OF INTERNAL REVENUE,<br>        Defendants. | Case No. 3:19-cv-0118 |
| APEX CONSTRUCTION, INC.,<br>        Plaintiff,<br>v.<br>THE UNITED STATES VIRGIN ISLANDS,<br>        Defendant. | Case No. 3:21-cv-0039 |
| BLUEWATER CONSTRUCTION, INC.,<br>        Plaintiff,<br>v.<br>THE UNITED STATES VIRGIN ISLANDS,<br>        Defendant. | Case No. 3:21-cv-0040 |
| MSI BUILDING SUPPLIES, INC.,<br>        Plaintiff,<br>v.<br>THE UNITED STATES VIRGIN ISLANDS,<br>        Defendant. | Case No. 3:21-cv-0041 |
| UNITED CORPORATION,<br>        Plaintiff,<br>v.<br>THE UNITED STATES VIRGIN ISLANDS,<br>        Defendant. | Case No. 3:21-cv-0043 |

| | | |
|---|---|---|
| **IMPEX TRADING INTERNATIONAL, INC.,** | ) | Case No. 3:21-cv-0044 |
| Plaintiff, | ) | |
| v. | ) | |
| **THE UNITED STATES VIRGIN ISLANDS,** | ) | |
| Defendant. | ) | |
| | ) | |
| **B&B MANUFACTURING, INC.,** | ) | Case No. 3:21-cv-0052 |
| Plaintiff, | ) | |
| v. | ) | |
| **THE UNITED STATES VIRGIN ISLANDS,** | ) | |
| Defendant. | ) | |

**ATTORNEYS:**

**Taylor W. Strickling, Esq.**
Marjorie Rawls Roberts, P.C.
St. Thomas, U.S.V.I.
    *For Plaintiff PSMT, LLC,*

**Michael L. Sheesley, Esq.**
MLSPC
St. Thomas, U.S.V.I.
    *For Plaintiffs Apex Construction, Inc., Bluewater Construction, Inc., MSI Building Supplies, Inc., United Corporation, Impex Trading International, Inc., and B&B Manufacturing, Inc.,*

**Joseph A. DiRuzzo, Esq.**
DiRuzzo & Company
Ft. Lauderdale, FL
    *For Plaintiffs Apex Construction, Inc., Bluewater Construction, Inc., MSI Building Supplies, Inc., United Corporation, Impex Trading International, Inc., and B&B Manufacturing, Inc.,*

**Ariel M. Smith-Francois, Esq.**
**Christopher M. Timmons, Esq.**
Virgin Islands Department of Justice
St. Thomas, U.S.V.I.
    *For Defendants the Government of the Virgin Islands, the Virgin Islands Bureau of Internal Revenue, and Joel A. Lee in his capacity as Director of Internal Revenue.*

## MEMORANDUM OPINION

### *Molloy, Chief Judge*

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge recommending that the Court grant the Government of the Virgin Islands' (the "GVI") motion to dismiss as to Defendant PSMT, LLC's container tax claims and deny GVI's motion to dismiss as the remainder for all above-captioned defendants in this consolidated matter.[1] Also before the Court are the timely objections thereto filed by the GVI. For the reasons stated below, the Court will reject the Report and Recommendation insofar as it holds that dismissal is inappropriate because tax comity does not apply to the Virgin Islands and adopt the Report and Recommendation as to the remainder.

### I. PROCEDURAL BACKGROUND

These matters stem from the Court's holding in *Reefco Services, Inc. v. Government of the Virgin Islands*, Case No. 3:14-cv-0110. Therein, the Court held that the Government of the Virgin Islands' (the "GVI") application of the excise tax, 33 V.I.C. § 42(a), violated the Commerce Clause of the United States Constitution by discriminating against extraterritorial interests. The Court further held that the GVI was enjoined from collecting excise tax from importers but not local manufacturers, that plaintiff was entitled to a refund of wrongly paid excise taxes, and that the Virgin Islands Bureau of Internal Revenue was required to have this Court approve their proposed rules and regulations for administering the tax going forward. The GVI appealed. On October 7, 2020, the Third Circuit issued an opinion affirming this Court's declaratory and monetary relief ordered on September 28, 2018. The Third Circuit further affirmed in part this Court's November 26, 2018 Memorandum Opinion insofar as the Memorandum Opinion enjoined the Government of the Virgin Islands from collecting excise taxes from importers, but not local manufacturers. The Third Circuit, however, vacated the portion of the November 26, 2018 Order requiring this Court's approval of the GVI's promulgated rules and regulations, and remanded this matter for further proceedings as to whether the excise tax has been assessed against local manufacturers.

---

[1] *See* Report & Recommendation, entered March 10, 2022, in each of the above-captioned matters.

Thereafter, this Court held evidentiary hearings on December 9, 2020, and March 9, 2021. Following each respective hearing, the Court partially lifted the injunction against the GVI to the extent that it enjoined them from collecting excise taxes against local manufacturers only, then later lifted the injunction altogether allowing the GVI to collect excise taxes from all manufacturers. In the time since, the GVI has resumed collecting excise taxes from importers and Virgin Islands manufacturers alike.

Now, plaintiffs, each an importer of goods into the Virgin Islands, generally allege that the GVI wrongly collected excise taxes from each plaintiff in violation of the Commerce Clause of the United States Constitution, and thus plaintiffs are entitled to a refund of those taxes paid. *See generally, e.g., Impex Trading Int'l, Inc. v. The United States Virgin Islands*, Case No. 3:21-cv-0044, ECF No. 1. PSMT seeks a refund of taxes paid between 2016 and 2019[2] and the remaining plaintiffs seek a refund of taxes paid between 2016 and 2019.[3]

The GVI has moved to dismiss each complaint, generally arguing that the plaintiffs lack standing because they have failed to allege a substantially similar competitor who benefitted from the discriminatory tax scheme, and that the doctrine of comity dictates that this Court should defer to the Superior Court of the Virgin Islands in resolving these matters. *See generally, e.g., id.* at ECF No. 11. Plaintiffs disagree, arguing that the Court does, in fact, have jurisdiction, that Plaintiffs have standing, and that GVI should be collaterally estopped from asserting that it does not owe Plaintiffs refunds of their excise taxes paid prior to November 26, 2018. *See generally, e.g., id.* at ECF No. 13.

By Order entered November 18, 2021, the Court referred each of the pending motions to dismiss to the Magistrate Judge to hold proceedings and issue a Report and Recommendation for the disposition of these motions to dismiss. On March 22, 2022, the Magistrate Judge issued her Report and Recommendation. The GVI filed timely objections,

---

[2] ECF No. 1, at 1 in Civil Action No. 19-118. PSMT alleges it made claims for refunds of excise taxes paid on February 8 and 22, and on May 23, 2019, and that the "government has not paid an excise tax refund or otherwise responded to PSMT's refund claims." *Id.* at ¶¶ 17-20. PSMT filed its action on December 22, 2019. PSMT seeks $1,675,402.80. ECF No. 1, at] ¶ 15 in Civil Action No. 19-118.

[3] *See, e.g.,* ECF No. 1, at ¶ 22 in Civil Action No. 21-52. Apex seeks $35,002.49. ECF No. 1, at ¶ 29 in Civil Action No. 21-39. Bluewater seeks $41,529.69. ECF No. 1, at ¶ 29 in Civil Action No. 21-40. MSI seeks $665,743.83. ECF No. 1-1 in Civil Action No. 21-41; ECF No. 1-2 in Civil Action No. 21-41. United seeks $523,554.18. ECF No. 1, at ¶ 59 in Civil Action No. 21-43. Impex seeks $128,210.86. ECF No. 1, at ¶ 23 in Civil Action No. 21-44. B&B seeks $116,260.95. ECF No. 1, at ¶ 26 in Civil Action No. 21-52.

specifically arguing that the Magistrate Judge wrongly interpreted and applied *Great Bay Condo. Owners Ass'n v. Gov't of the V.I.*, Case No. 3:17-cv-0033, 2018 WL 4690372 (D.V.I. Sept. 28, 2018) and that Plaintiffs lack standing because, *inter alia*, they are not in the marine refrigeration business. These objections are now ripe and before the Court.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636, "[w]ithin fourteen days after being served with a copy [of the Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). If no party files a timely objection, "the scope of [the Court's] review is far more limited and is conducted under the far more deferential standard of 'plain error'." *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008); *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report.").

When a party files a timely objection, a district court is required to "make a *de novo* determination of those *portions* of the report or *specified* proposed findings or recommendations to which objection is made." *Goney v. Clark*, 749 F.2d 5, 6 (3d Cir. 1984) (quoting 28 U.S.C. § 636(b)(1)) (emphasis added by Third Circuit). By extension, the Court is not required to perform a *de novo* review where either the filed objections are only general in nature or of portions of the Report and Recommendation not specifically objected to. *See id.* at 6-7 ("We are satisfied that providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process.").

## III. DISCUSSION

Here, the GVI specifically argues that the Magistrate Judge erred by finding that the tax comity doctrine is inapplicable to the Virgin Islands, and instead should have found it

applicable for the reasons set forth in *Great Bay*. *See* ECF No. 49, at 2-7.[4] The GVI further objects to the Magistrate Judge's finding that each of the Plaintiffs have standing in their respective cases, specifically arguing that Plaintiffs did not allege competition between in-state and out-of-state economic interests,[5] that the Third Circuit's decision in *Reefco* is not precedential and should not be treated as such, and that Plaintiffs are not in the marine refrigeration business. *See id.* at 7-12. Accordingly, to the extent that these objections are raised with sufficient specificity, they will be reviewed *de novo* and any other portion of the Magistrate Judge's Report and Recommendation shall only be subject to the more deferential plain error standard.

### A. The Magistrate Judge Erred in Predicting that the Comity Doctrine would not Apply to the Virgin Islands.

In its first objection, the GVI argues that the Magistrate Judge erred in finding that the tax comity doctrine is inapplicable to these proceedings. Specifically, the GVI argues that the Magistrate Judge erred by opining that the Third Circuit would reject this Court's prior ruling, and that the Third Circuit would hold that the tax comity doctrine does not apply to Virgin Islands. ECF No. 49, at 2-3 (citing *American Resort*, 848 F. App'x 79 (3d Cir. 2021)). GVI argues that the Magistrate Judge erred by basing this conclusion on the fact that the Third Circuit never reached the tax comity issue in *American Resort.*

---

[4] For the sake of expedience, all ECF citations herein shall be made to the docket of *B&B Manufacturing, Inc. v. United States Virgin Islands*, Case No. 3:21-cv-0052 unless otherwise noted. All complaints in this matter are substantively identical, apart from PSMT, LLC's, which alleges an additional cause of action regarding the Virgin Islands container tax. The Magistrate Judge entered her Report and Recommendation in each of the above-captioned cases after the pending motions to dismiss were consolidated and referred to her. The only objections filed were by the GVI regarding the excise tax. No objections were filed regarding the Magistrate Judge's recommendation that PSMT's container tax claim be dismissed. Therefore, the Court's review of any individual objection is applicable to the remainder of the above-captioned cases.

[5] As a preliminary matter, the GVI's standing argument is without merit. As concisely stated by the Magistrate Judge, Plaintiffs allege that the USVI implemented 33 V.I.C. § 42 in a constitutionally impermissible manner. They allege that as a result, they paid an unlawful tax and the USVI wrongfully deprived them of money between 2016 and 2019. They further allege that the deprivation is ongoing. The alleged harm is therefore concrete, particularized, and actual. Plaintiffs allege a causal connection between their injury and the conduct complained of. Lastly, if the Court finds in plaintiffs' favor and orders the USVI to issue the refunds sought, plaintiffs' injury would be redressed. Therefore, Plaintiffs have sufficiently pled standing and this Court has subject matter jurisdiction. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (To establish standing, "an injury must be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.") (quotation marks omitted). The Court will adopt the Magistrate Judge's recommendation that the GVI's motion to dismiss under Fed. R. Civ. P. 12(b)(1) be denied.

1. **<u>Tax Comity</u>**

    The comity doctrine counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction. The doctrine reflects

> "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways."

*Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 112 (1981) (quoting *Younger v. Harris*, 401 U.S. 37, 44 (1971)). Comity's constraint has particular force when district courts are asked to pass on the constitutionality of state taxation of commercial activity. This is because "[i]t is upon taxation that the several States chiefly rely to obtain the means to carry on their respective governments, and it is of the utmost importance to all of them that the modes adopted to enforce the taxes levied should be interfered with as little as possible." *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 421-22 (2010) (quoting *Dows v. Chicago*, 11 Wall. 108, 110 (1871)).

    This doctrine is longstanding. The Supreme Court wrote "more than a century ago" that "[a]n examination of [their] decisions. . . shows that a proper reluctance to interfere by prevention with the fiscal operations of the state governments has caused [it] to refrain from doing so in all cases where the Federal rights of the persons could otherwise be preserved unimpaired." *Id.* at 422 (quoting *Boise Artesian Hot & Cold Water Co. v. Boise City*, 213 U.S. 276, 282 (1909)); *accord Matthews v. Rodgers*, 284 U.S. 521, 525-26 (1932) (So long as the state remedy was "plain, adequate, and complete," the "scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts, and a proper reluctance to interfere by injunction with their fiscal operations, require that such relief should be denied in every case where the asserted federal right may be preserved without it.").

    "There is no significant difference between whether a remedy is plain, adequate, and complete and whether a remedy is plain, speedy, and efficient." *Great Bay,* Case No. 3:17-cv-0033, 2018 WL 4690372, at *3 (citing *Fair Assessment*, 454 U.S. at 137 ("We discern no significant difference, for purposes of the principles recognized in this case, between remedies which are "plain, adequate, and complete," as that phrase has been used in

articulating the doctrine of equitable restraint, and those which are "plain, speedy and efficient," within the meaning of § 1341.")); *see also Rosewell v. LaSalle Nat. Bank*, 450 U.S. 503, 525 & n. 33 (1981) (holding that not "every wrinkle of federal equity practice" addressing whether a remedy was plain, adequate, and complete was codified by Congress in the Tax Injunction Act, but further specifying that "prior federal equity cases" may be "instructive on whether a state remedy is 'plain, speedy and efficient' ").

2. **Whether Tax Comity Applies to the Virgin Islands**

Defendant PSMT, LLC argues that, because Congress did not intend the Tax Injunction Act to extend to the Virgin Islands, "any holding that Congress intended comity to apply in the Virgin Islands no longer makes coherent sense," because the two "do not exist in independent vacuums from each other but are meant to work in coordination." *PSMT, LLC v. Gov't of the Virgin Islands*, Case No. 3:19-cv-00118, ECF No. 45, at 4. PSMT cites to *Levin* for support despite its direct contradiction. To the contrary, the *Levin* Court wrote, "[o]ur post-[Tax Injunction] Act decisions, however, confirm the continuing sway of comity considerations, independent of the Act." *Levin*, 560 U.S. at 423. The Court further emphasized that it "could not have thought Congress intended to cabin the comity doctrine, for [it] went on to instruct dismissal in *Great Lakes* on comity grounds without deciding whether the [Tax Injunction] Act reached declaratory judgment actions." *Id.* at 423-24.

Later, in *Fair Assessment*, the Supreme Court ruled "based on comity concerns, that 42 U.S.C. § 1983 does not permit federal courts to award damages in state taxation cases when state law provides an adequate remedy." *Id.* at 424 (citing *Fair Assessment*, 454 U.S. at 116). The Court made clear that "the principle of comity which predated the [Tax Injunction] Act was not restricted by its passage." *Fair Assessment*, 454 U.S. at 110. The Supreme Court has explicitly said that "the [Tax Injunction Act] may be best understood as but a partial codification of the federal reluctance to interfere with state taxation." *Nat'l Private Truck Council, Inc. v. Okla. Tax Comm'n*, 515 U.S. 582, 590 (1995).

Further, Supreme Court precedent "affirm[s] that the comity doctrine is more embracive than the [Tax Injunction Act]. . . ." *Levin*, 560 U.S. at 424. Thus, it raises no alarm that, even if Congress did not intend for the Tax Injunction Act to reach the Virgin Islands, comity doctrine may well still apply. Considering that the Supreme Court has repeatedly and

directly contradicted PSMT's assertion that the principle of comity cannot exist without the Tax Injunction Act, this Court finds no merit in PSMT's argument.

As discussed above, tax comity doctrine is rooted in principles of federalism, meaning that comity is applied where a state's sovereign rights give federal courts reason to pause in imposing remedies upon the states. *See Fair Assessment*, 454 U.S. at 103 ("[The Tax Injunction Act] and the decisions of this Court which preceded it, reflect the fundamental principle of comity between federal courts and state governments that is essential to 'Our Federalism,' particularly in the area of state taxation." (collecting cases)).

Importantly, the GVI's authority does not derive from the Constitution, but rather from Congress, meaning that principles of federalism do not apply to the territory in the same absolute terms that they do to the states. *See Bluebeard's Castle, Inc. v. Gov't of the Virgin Islands*, 321 F.3d 394, 401 (3d Cir. 2003) ("While federalism principles do not apply directly as a result of the Virgin Islands' sovereignty, sensitivity to the division between federal and territorial power in this area seems appropriate, given Congress's choice to treat Virgin Islands law – including its taxation regime – with much of the independence of state law. This counsels in favor of eschewing a broad interpretation of the federal rights created by § 1401a that are justiciable in District Court."). In determining whether principles of federalism apply in a given arena, the Third Circuit has employed the approach of deciphering whether Congress intended to delegate such authority to the GVI. *Cf., e.g., Parrott v. Gov't of the Virgin Islands*, 230 F.3d 615, 623 (3d Cir. 2000) ("Thus, while Congress has elected, for administrative purposes, to treat the Virgin Islands as a separate sovereign, . . . the constitutional relationship between the territories and the federal government remains unified. . ..") (internal citation omitted)). Accordingly, the relevant question here is whether Congress expressly delegated authority over matters of taxation to the Government of the Virgin Islands.

In *Bluebeard's Castle*, the Third Circuit ultimately held that principles of federalism did not apply in that case because Congress had entered the field of local property taxation. *See Bluebeard's Castle*, 321 F.3d at 400-01. As the Court previously found in *Great Bay*, the Court again finds that there are two plausible interpretations of this decision: "(1) that after the 1984 amendments, whenever the *Court has federal question jurisdiction*, comity or

federalism-like concerns do not apply, or (2) that after the 1984 amendments, whenever *Congress has entered the taxation field*,⁶ comity or federalism-like concerns do not apply." *Great Bay*, 2018 WL 4690372, at *10 (emphasis in original). Because the first interpretation is irreconcilable with other decisions extending similar federalism principles to the territory, the Court finds that the second interpretation is sounder. *See, e.g., Edwards v. HOVENSA, LLC*, 497 F.3d 355, 360 (3d Cir. 2007) ("Now that § 1613 mandates that the relations between courts established by laws of the United States, e.g., the Revised Organic Act, and courts established by local law should mirror the relations between state and federal courts, we conclude that § 1613 makes the Erie doctrine and the Rules of Decision Act applicable to the District Court of the Virgin Islands."); *see also Ramirez v. Puerto Rico Fire Svc.*, 715 F.2d 694, 697 (1st Cir. 1983) ("Puerto Rico, despite the lack of formal statehood, enjoys the shelter of the Eleventh Amendment in all respects.").

Indeed, the Third Circuit has broadly stated that "[w]e see no reason not to incorporate the federalism principles applicable throughout the circuit into our relationship with the Virgin Islands courts." *Edwards*, 497 F.3d at 360. The Third Circuit has further corroborated this interpretation, extending other comity-based abstention doctrines to the Virgin Islands. *See, e.g., Williams v. Gov't of Virgin Islands Bd. of Med. Examiners*, 360 F. App'x 297, 301 (3d Cir. 2010) (holding that the *Younger* abstention doctrine applies in the Virgin Islands); *Kendall v. Russell*, 572 F.3d 126, 130 n. 3 (3d Cir. 2009) (same).

The instant case is readily distinguishable from the *Bluebeard's Castle* holding. In *Bluebeard's Castle*, the Third Circuit based its decision on the fact that the Virgin Islands property tax system was "partially a federal tax system, and it is not apparent that the federal government should adopt a hands-off approach to the federal aspects of a hybrid federal/territorial system." *Bluebeard's Castle*, 321 F.3d at 400. "To be sure, property tax law in the Virgin Islands is, for the most part, 'local' law, just as it is in the several states. (citation omitted). But its local character derives from Congress. To the limited extent that Congress has entered the field and instituted its own substantive requirements, the local character of

---

⁶ For instance, by specifying that the District Court has exclusive jurisdiction over income tax proceedings. *See* 48 U.S.C. § 1612(a) ("The District Court of the Virgin Islands shall have exclusive jurisdiction over all criminal and civil proceedings in the Virgin Islands with respect to the income tax laws applicable to the Virgin Islands . . ..").

property taxation in the Virgin Islands has been altered." *Id.* Therefore, because Congress had entered the field in legislating Virgin Islands property taxes, the application of comity was improper.

Here, however, no such statutory regulation of the territory's excise tax has been imposed by Congress. Accordingly, because Congress has not entered the field of taxation regarding the Virgin Islands' excise tax, the Third Circuit's reasoning in *Bluebeard's Castle* is inapposite in the context of this dispute.

As such, the Court agrees with its previous decision in *Great Bay* and finds that the Revised Organic Act and Third Circuit precedent counsels in favor of a holding that the tax comity doctrine applies to the territory under appropriate circumstances. Therefore, a plaintiff seeking injunctive or declaratory relief or damages with respect to a local tax imposed on them by the Government of the Virgin Islands, "they may only proceed in this Court if: (1) Congress has entered the field and the plaintiffs are seeking to enforce such a federally-created right, or (2) a plain, adequate, and complete remedy is not available in the local courts." *Great Bay*, 2018 WL 4690372, at *12. To the extent that the Magistrate Judge recommends that the tax comity doctrine does not apply to the Virgin Islands, that recommendation is rejected.

### 3. **Applying tax comity to these cases**

Having held that the tax comity doctrine applies to the Virgin Islands, the Court must now determine whether that doctrine properly applies to this case. As a threshold matter, the Court must determine whether the excise tax is, in fact, a tax. *Cf. Robinson Protective Alarm Co. v. City of Phila.*, 581 F.2d 371, 376 (3d Cir. 1978) (drawing a distinction between "taxes" and "fees" for purposes of applying the Tax Injunction Act and its underlying principles of federalism and comity).

### a. **Classification as a Tax**

In *Robinson Protective Alarm*, the Third Circuit held that the challenged ordinance was a tax, and thus subject to the Tax Injunction Act, because it "is a revenue raising measure collected annually in a manner similar to other gross receipts levies. From the record it appears that moneys collected are added to the public fisc, rather than applied exclusively to contractual services owed central alarm station companies." *Id.* The Third Circuit went on to

conclude that "[a]nticipatory federal adjudication will clearly interfere with the City's collection of its revenues." *Id.*

Other appellate courts have addressed this issue. The Fourth Circuit has distinguished between taxes and fees by stating, "The 'classic tax' is imposed by the legislature upon a large segment of society, and is spent to benefit the community at large." *DIRECTV, Inc. v. Tolson*, 513 F.3d 119, 125 (4th Cir. 2008) (internal citation omitted). This is compared to the "classic fee," which is "imposed by an administrative agency upon only those persons, or entities, subject to its regulation for regulatory purposes, or to raise 'money placed in a special fund to defray the agency's regulation-related expenses.'" *Id.* Accordingly, the Fourth Circuit weighs three factors: "(1) what entity imposes the charge; (2) what population is subject to the charge; and (3) what purposes are served by the use of the monies obtained by the charge." *Id.* Recognizing that this balancing test may produce mixed results, the Fourth Circuit instructs, "When this inquiry places the charge somewhere between the 'classic tax' and the 'classic fee,' it is the purpose behind the statute that imposes the charge, as reflected in the ultimate use of its proceeds, that is the most important factor." *Id.*

Here, the various complaints in this matter allege that the excise tax is assessed by the Bureau of Internal Revenue. *See generally B&B Manufacturing*, Case No. 3:21-cv-0052, ECF No. 1; *PSMT*, Case No. 3:19-cv-0118, ECF No. 1. A cursory review of the excise tax statute reveals that the subject population is, "Every individual and every firm, corporation and other association doing business in the Virgin Islands, except those specially taxed, exempted or excluded." 33 V.I.C. § 42(a). While there is no evidence on these records regarding what specific purpose is served by the excise tax, the statute indicates that a portion of excise tax revenues from certain sources are earmarked as "designated advance disposal fees" for Waste Management Authority Programs. 33 V.I.C. § 42(f). The code is silent as to the remainder. The Court infers that this legislative silence indicates that the remainder of collected excise taxes are for unspecified general revenue applications.

Accordingly, the Court is satisfied, that the excise tax is, perhaps tautologously, a tax. Therefore, the Court holds that the doctrine of tax comity applies to the excise tax.

### b. Plaintiffs' Claims

The Court will now address whether the tax comity doctrine applies to the specific claims raised by the plaintiffs in these consolidated actions, and if so, whether it prevents the Court from proceeding on these claims. Plaintiffs here generally allege that they wrongly paid various sums under the previously unconstitutional excise tax regime, which violated the Commerce Clause in assessing the tax only on importers, while not enforcing the tax against local manufacturers.

A plaintiff in any state in the United States could challenge the enforcement of a state tax in federal court only if the state does not provide remedies that are plain, adequate, and complete. *See, e.g., Fair Assessment*, 454 U.S. at 116. As discussed above, this Court finds that, absent Congressional entry into the arena of Virgin Islands excise tax, the rights and limitations of Virgin Islands plaintiffs should not be interpreted any differently. Accordingly, the plaintiffs may only proceed with this action if a plain, adequate, and complete remedy is not available in the local courts. *See id.* Without prescribing a balancing test, the Third Circuit and the Supreme Court have set forth several factors for determining whether a potential state remedy is plain adequate, and complete. Specifically:

> "[W]hether: (1) the challenged law concerned 'commercial matters over which' the state 'enjoys wide regulatory latitude'; (2) the suit requires adjudicating 'any fundamental right or classification' to which heightened scrutiny applies; (3) the state courts are 'better positioned than their federal counterparts to correct any violation' and provide a remedy; and (4) more than one potential remedy could adequately redress the alleged constitutional defect."

*Z & R Cab, LLC v. Philadelphia Parking Auth.*, 616 F. App'x 527, 531 n. 8 (3d Cir. 2015) (citing *Levin*, 560 U.S. at 431–32).[7] "Individually, these considerations may not compel forbearance

---

[7] Notably, *Z & R Cab* directly contradicts another of PSMT's arguments. PSMT argues that comity "should nonetheless not apply to excise tax refund claims. . ." because the constitutionality of the tax has already been decided. *PSMT*, Case No. 3:19-cv-0118, ECF No. 45, at 5. However, *Z & R Cab* involved a federal suit wherein plaintiff sought a refund of a Philadelphia tax that had already been declared unconstitutional and unenforceable, and resulted in the Third Circuit remanding the case to the district court to determine whether comity should apply. *See generally Z & R Cab*, 616 F. App'x 527. The Eastern District of Pennsylvania went on to dismiss the case on comity grounds without objection or appeal from the parties. *See generally Z & R Cab, LLC v. Philadelphia Parking Authority*, Case No. 2:13-cv-06173, ECF No. 24 (E.D. Pa. July 22, 2015). Thus, PSMT's assertion that "comity doctrine by its own terms does not apply to the purely retrospective relief claimed with respect to the old excise tax" finds no support in law. *PSMT*, ECF No. 45, at 6.

on the part of federal district courts; in combination, however, they demand deference to the state adjudicative process." *Levin*, 560 U.S. at 432. The burden of showing that the state remedy is insufficient lies with the plaintiffs. *Cf. Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (holding, with respect to *Younger* abstention, that "the burden . . . rests on the federal plaintiff to show "that state procedural law barred presentation of [its] claims" ") (quoting *Moore v. Sims*, 442 U.S. 415, 432).

PSMT filed the sole response to the GVI's objections and did not directly address whether there was a plain, adequate, and complete state remedy. However, PSMT incorporated its "briefing on the subject [from] its Response in Opposition to Defendants' Motion to Dismiss (ECF #14) and its Closing Brief (ECF #41)." *PSMT*, Case No. 3:19-cv-0118, ECF No. 45, at 6. In its Closing Brief, PSMT argues that the GVI is in dire financial conditions, that there would be significant delay in the payment of any due refund, as is the case with nearly *all* tax refunds in the territory, that the Bureau of Internal Revenue has shown a past and present willingness to continue collecting an unconstitutional tax absent an injunction, and that PSMT's prospective relief will depend on the "whims of the political branches of government." *PSMT*, Case No. 3:19-cv-0118, ECF No. 41, at 4-8. The Court is not convinced, however, that a federal remedy is any better suited for forcing refunds than one imposed by Virgin Islands courts. Especially where, as PSMT recognizes, that "the government does not have legal authority to obey the judgment without first going to the Legislature of the Virgin Islands and requesting an appropriation. . .." *Id.* at 8.

Here, the excise tax concerns "commercial matters over which [the Virgin Islands] enjoys wide regulatory latitude." *Levin*, 560 U.S. at 431. This action does not require the adjudication of any fundamental right to which heightened scrutiny applies – to the contrary, PSMT concedes that the constitutional questions have already been adjudicated and all that remains is the refund of PSMT's undoubtedly wrongly paid taxes. *PSMT*, Case No. 3:19-cv-0118, ECF No. 45, at 5. Especially considering PSMT's argument that any refund will require a commensurate appropriation from the Virgin Islands Legislature, Virgin Islands courts "are better positioned than their federal counterparts to correct any violation because they are more familiar with state legislative preferences. . .." *Levin*, 560 U.S. at 431-32. The first three factors counsel in favor of abstention. As to the final consideration, there is a single adequate

remedy that Virgin Islands courts could fashion in this case, a refund to the aggrieved plaintiffs. It is unclear how the Third Circuit's fourth factor applies, considering that the constitutional defect was a now-rectified Commerce Clause violation for which the plaintiffs seek monetary damages. However, it is clear that these claims for relief "risk disrupting state tax administration." *Id.* at 417 (citing *Fair Assessment*, 454 U.S. 100). This is precisely the type of disruption that the comity doctrine urges federal courts to restrain from. *Id.* Thus, the Court finds that each of the *Z & R Cab* factors counsel in favor of abstaining from hearing this case.[8]

Plaintiffs further argue that, under the doctrine of offensive non-mutual collateral estoppel, or issue preclusion, that the Court should not reconsider issues of law and fact that were previously resolved by the Court and the Third Circuit in the *Reefco* litigation. *See, e.g.,* ECF No. 10, at 4-7. The GVI contends that the doctrine does not apply. *See, e.g.,* ECF No. 13, at 15-20. The requirements of issue preclusion are satisfied where the "(1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment." *Karns v. Shanahan,* 879 F.3d 504, 514 n. 3 (3d Cir. 2018) (quoting *Nat'l R.R. Passenger Corp. v. Pa. Pub. Util. Comm'n,* 342 F.3d 242, 252 (3d Cir. 2003)) (alterations omitted).

The problem, however, is that plaintiffs are attempting to assert offensive non-mutual collateral estoppel against the GVI. This doctrine simply does not apply to the GVI. *Hercules Carriers, Inc. v. Claimant State of Fla., Dept. of Transp.*, 768 F.2d 1558, 1579 (11th Cir. 1985) ("We hold that the rationale outlined by the Supreme Court in *Mendoza* for not applying nonmutual collateral estoppel against the government is equally applicable to state governments. Indeed, we take notice that the Supreme Court in reaching its holding did not differentiate between federal governmental interests and state government interests, nor

---

[8] The Court notes that, although it may have applied to the *Reefco* litigation, tax comity was not directly addressed either by this Court or the Third Circuit. *See generally Reefco*, Case No. 3:14-cv-0110, ECF No. 80 (this Court's memorandum opinion); *Reefco*, Case No. 3:14-cv-0110, ECF No. 131-1 (opinion of the Third Circuit). This may well be because the issue was not raised in the parties' trial briefs prior to the Court's ruling. *See generally Reefco*, Case No. 3:14-cv-0110, ECF Nos. 75, 76.

was there anything to suggest that the concerns expressed by the Supreme Court were peculiar to the federal government.").

Admittedly, the GVI's legal status is more ambiguous than that of a state government's due to the Virgin Islands' status as a territory. However, the Court need not delve into this distinction for these purposes. Two possible legal outcomes exist: either the Virgin Islands is treated as a unified entity with the federal government, or the Virgin Islands is treated as a state for purposes of determining whether offense non-mutual collateral estoppel applies. *Compare Parrott*, 230 F.3d at 623 ("Thus, while Congress has elected, for administrative purposes, to treat the Virgin Islands as a separate sovereign, . . . the constitutional relationship between the territories and the federal government remains unified. . .." (internal citation omitted)) *with, e.g., Edwards*, 497 F.3d at 360 ("We see no reason not to incorporate the federalism principles applicable throughout the circuit into our relationship with the Virgin Islands courts."). Regardless of which outcome is correct, the doctrine is barred. *See U.S. v. Mendoza*, 564 U.S. 154, 164 (1984) ("We accordingly hold that the Court of Appeals was wrong in applying nonmutual collateral estoppel against the government in this case."). Thus, plaintiffs' assertion that offensive nonmutual collateral estoppel should apply to this case is without merit.

### B. *Remainder of the Magistrate Judge's Report and Recommendation*

Because the GVI has succeeded on its comity objection to the Magistrate Judge's Report and Recommendation, the Court finds the remainder of GVI's objections moot and will decline to address them. Having determined that the GVI is entitled to dismissal of plaintiffs' excise tax claims on comity grounds, the only remaining count in these consolidated cases is PSMT's container tax claim.

In her Report and Recommendation, the Magistrate Judge held that "PSMT alleges no facts to explain how this tax discriminates or otherwise violates [Commerce Clause] principles." *PSMT*, Case No. 3:19-cv-0118, ECF No. 42, at 19. The Magistrate Judge further held that "PSMT fails to allege an injury to any vessel or representative of a vessel," "fails to specify whether the container tax is an impost or a duty,[ ] and fails to allege or even hint at how the tax violates the [Tonnage] clause." *Id.*  Therefore, the Magistrate Judge found that PSMT had failed to state a claim on their container tax count and recommends dismissal.

PSMT filed no objection to Magistrate Judge's recommendation of the dismissal of its container tax claim. Therefore, "the scope of [the Court's] review is far more limited and is conducted under the far more deferential standard of 'plain error'." *Tice*, 425 F. Supp. 2d at 680 *aff'd*, 276 Fed. App'x 125; *see Henderson*, 812 F.2d at 878 ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."). Having reviewed the Report and Recommendation as to PSMT's container tax claim for plain error, and finding none, the Court will adopt that portion of the Magistrate Judge's Report and Recommendation.

## IV. CONCLUSION

For the reasons set forth above, the Court will reject the Report and Recommendation of the Magistrate Judge as to her finding that tax comity doctrine does not apply to the Virgin Islands. The Court finds that tax comity applies to the Virgin Islands, that tax comity applies to the instant cases, and that tax comity counsels in favor of dismissal of these cases so that they may be resolved in Virgin Islands courts. As to the Magistrate Judge's recommendation that PSMT's container tax claim be dismissed, the Court finds no clear error and will adopt the Report and Recommendation as to that count. Accordingly, the Court will dismiss this matter in its entirety so that plaintiffs may seek their remedies in Virgin Islands courts. An appropriate Order follows.

**Dated:** August 18, 2022                              /s/ *Robert A. Molloy*
                                                                            **ROBERT A. MOLLOY**
                                                                            **Chief Judge**